CATHARINE GRIFFIN v. FULTON IRON & ENGINE WORKS.

*Evidence—Contract—Agency.*

Where a contract for material is made independently of plans and specifications, the latter cannot be put in evidence in an action on the contract merely because a third person, who was agent for neither party, after using them when making an estimate upon the work and failing to get his employer to take it, brought the actual contracting parties together.

Error to the Superior Court of Detroit. Submitted January 15. Decided January 23.

ASSUMPSIT on common and special counts for the price and value of certain iron columns furnished by the Iron & Engine Works to Catharine Griffin for the construction of the Griffin Market. Defendant pleaded the general issue with notice of recoupment for non-performance of the contract, and sought to introduce in evidence certain plans and specifications for the building, claiming that they had been used by one Wayne in making estimates on the work to be furnished. It appeared also that 'Wayne brought the contracting parties together, though not an agent for either. The offered evidence was excluded, plaintiff recovered, and defendant ant brings error.

*Brennan & Donnelly* for plaintiff in error.

*George W. Bates* for defendant in error.

CAMPBELL, J. The.Fulton Iron & Engine Works sued Mrs. Griffin for a balance due on the price of a quantity of iron columns, and tie bars, and for labor in putting them up. They made out a case showing that the columns were ordered and the price agreed upon. The other work they furnished on orders from Mrs. Griffin's agents, and the main and perhaps the only important question was whether they acted as contractors to furnish and put up work according to the plans and specifications of a building for which the iron was furnished, or whether they merely agreed to furnish the iron work which they did furnish as a distinct bargain.

The testimony on their part was unambiguous of a distinct contract, having no reference to any plans or specifications, and simply being a bargain for columns of sizes and patterns given them. There is no testimony which in our opinion shows or tends to show that they made any arrangements whatever on the basis that they were to be governed by those documents or ever examined them.

The only basis for any such inference is in the fact alleged that one James W. Wayne who had been figuring on the iron work and who is claimed to have had access to the plans and specifications was the person through whose intervention the Fulton Works became induced to contract. It is disputed how far James W. Wayne had any such information, and it does not appear that he ever was informed any bid was desired beyond the mere making of the columns, although it is claimed he was supposed to be figuring on all the iron work. It is not very clear that the plans and specifications themselves give any indication that the making of the columns involved anything further.

But it appears distinctly that Wayne was neither agent nor employer of the Fulton Works. He had made estimates and went to his own employers, the Safe Works,

who refused to deal with Griffin at all. Wayne told him he could get it done at the Fulton Works. All the dealings with the Fulton Works were between Griffin and Mr. Grosvenor their agent, and not with Wayne for them, and in the transactions with Grosvenor no mention was made of any other contract, and no agreement shown to have been made beyond the columns.

While it is possible parties made some assumptions, yet agreements cannot be made out without proof of a distinct understanding. We think there was nothing to authorize the admission of the papers ruled out.

The judgment must be affirmed with costs.

The other Justices concurred.